UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **LAURA ANN ILSEMANN**, | )<br>) |
| PLAINTIFF, | )<br>) |
| v. | )<br>) No. |
| **ST. CHARLES COUNTY, MISSOURI**<br>    Serve: Steve Ehlmann,<br>        County Executive<br>        100 N. Third St.<br>        St. Charles, MO 63301 | )<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |
| and | )<br>) |
| **CURTIS SULLIVAN**<br>    Serve:  St. Charles County<br>        Sheriff's Department<br>        101 Sheriff Dierker Ct.<br>        O'Fallon, MO 63366 | )<br>)<br>)<br>)<br>)<br>) |
| DEFENDANTS | ) |

## COMPLAINT

COMES NOW, Plaintiff, LAURA ILSEMANN, by and through her attorney, Stephen R. Fleddermann, and for her Complaint against Defendants, ST. CHARLES COUNTY, MISSOURI, and CURTIS SULLIVAN, states in the court as follows:

### INTRODUCTION

1. At all times relevant herein, Plaintiff, Laura Ann Ilsemann, was an individual residing at 1014 PineWood Place Drive, O'Fallon, Missouri 63366, located within Saint Charles County Missouri.

2. At all times relevant herein, Defendant, Saint Charles County, was a First Class County within the State of Missouri.

3. At all times relevant herein, Curtis Sullivan, DSN 576, a/k/a and hereinafter referred to as

     Curt Sullivan, was a Detective Sergeant employed by Saint Charles County as a law enforcement officer and, specifically, was engaged in his capacity as an employee and law enforcement officer of St. Charles County within the St. Charles County Sheriff's Department and, specifically, the Saint Charles County Drug Task Force unit, and, at all times relevant herein, received training through the Saint Charles County Sheriff's Department and is a citizen of the United States.

4.   At all times relevant herein, Detective Sergeant Curt Sullivan, DSN 576, was acting, under color of law, in his capacity as an officer for the Saint Charles County Sheriff's Department and/or the Drug Task Force Unit.

5.   On or about February 8, 2018, Defendant, by and through its agent, officer and employee, Detective Sergeant Curt Sullivan, DSN 576, without legal justification, authorization, permission of plaintiff, warrant, or any just or legal cause, violated Plaintiff's person and premises by physically entering into Plaintiff's home, detaining Plaintiff, man handling plaintiff, handcuffing plaintiff, and detaining plaintiff for an undue length of time, all without legal justification.

6.   Defendant, Saint Charles County, by and through its agent, employee and officer, Detective Sergeant Curt Sullivan DSN 576, caused an affidavit to be written and submitted to the Saint Charles County Prosecuting Attorney's Office falsely accusing the Plaintiff, Laura Ilsemann (originally mis-spelled by the state in the charging documents as "Iselmann"), of conduct sufficient to warrant charges of Conspiracy to Commit Unlawful Possession of a Firearm (RSMO §571.070), a Class E Felony; Assault in the Fourth Degree (RSMO §565.056), a Class A Misdemeanor;  Resisting Arrest (RSMO §575.150), a class A Misdemeanor; and  Unlawful Possession of Drug Paraphernalia ( RSMO §

558.002), a class D Misdemeanor.

7. Although no plea nor finding of guilt nor conviction were entered on any of the above referenced charges, the issuance of the charges caused plaintiff anguish, emotional distress, and financial loss, including, but not limited to, attorneys fees.

8. This is an action for money damages brought pursuant to 42 U.S.C § 1983 for violation of plaintiff's rights under the First, Fourth, Fifth and Fourteen Amendments to the United States Constitution.

9. Plaintiff's Constitutional rights were violated by Defendant St. Charles County as a result of the policies, customs, and practices of Saint Charles County, including the inadequate hiring, training, and supervision of law enforcement officers, in general, and the Saint Charles County Drug Task Force, in particular, allowing its officer and employee, Detective Sergeant Curt Sullivan, to act without adequate oversight, training and supervision, in a manner that caused the violation of Plaintiff's Constitutional rights and also as a direct result of the vicarious liability of Defendant, St. Charles County, for the actions of its officer and employee, Curt Sullivan.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction pursuant to 28 U.S.C § 1331 and §1343 and 42 U.S.C § 1983 to redress the deprivation under color of law of rights secured by the federal constitution and supplemental jurisdiction for the state law claim.

11. Venue lies in the United States District Court for the Eastern District of Missouri because the relevant events or omissions giving rise to Plaintiff's claims occurred in St. Charles County, Missouri. 28 U.S.C. § 1391(b)(2).

12. Divisional venue is in the Eastern Division because the events leading to the claim for relief arose in St. Charles County, Missouri. E.D. MO. L.R. 2.07(A)(1), (B)(2).

## FACTUAL ALLEGATIONS

13. On or about February 8, 2018, Saint Charles County, by and through its law enforcement officers and/or officers engaged in the service of the Saint Charles County Drug Task Force Unit, effectuated the arrest of Randall B Jones in a parking lot inside of the premises at 1014 PineWood Place Drive O'Fallon, Missouri 63366.

14. Upon removing Randall B. Jones from the parking lot/scene of the arrest and placing him, handcuffed, in a police vehicle for transport, the officers on the scene requested permission to search the residential premises of Randall Jones (1014 Pinewood place Dr., O'Fallon, MO), for which permission was denied by Randall Jones.

15. The apartment at 1014 PineWood Place Drive, O'Fallon Missouri was individually leased by Plaintiff, Laura Ilsemann. Laura Ilsemann was not present with Randall Jones at the time of his traffic stop or arrest.

16. Plaintiff, Laura Ilsemann, subsequently arrived at the scene of Randall Jones' arrest and requested permission to speak with Randall Jones (her significant other). Permission to communicate with Randall Jones was denied. Laura Ilsemann was subsequently asked by law enforcement for permission to search the residential premises, which permission was denied by Laura Ilsemann.

17. Immediately subsequent to Laura Ilsemann's refusal to allow a voluntary search of her apartment, Laura Ilsemann returned to her apartment, whereupon, subsequent to Laura Ilsemann's refusal to allow a voluntary search of her apartment, and prior to obtaining

and presenting a lawful search warrant to search the premises, law enforcement officers acting on behalf of the St. Charles County Drug Task Force Unit, in general, and Defendant Curt Sullivan, in particular, approached Plaintiff's residential apartment, ostensibly for the purpose of again requesting Laura Ilsemann for permission to allow a voluntary search of her premises.  Following a conversation at her doorway wherein Plaintiff, Laura Ilsemann, clearly and unequivocally verbally denied Defendant Curt Sullivan's request for permission to enter and search the premises without a search warrant, Plaintiff then attempted to close her apartment door with Plaintiff, along with her minor daughter and one more minor child inside the apartment and Defendant Curt Sullivan on the outside.  As Plaintiff attepted to shut her apartment door, Defendant Curt Sullivan, forcefully inserted his foot in the doorway for the purpose of preventing Laura Ilsemann from being able to close the front door to her premises and for the purpose of entering into Laura Ilsemann's dwelling despite Plaintiff's  unequivocal refusal for the officers to enter and her unequivocal refusal of any consent to search the premises without a valid search warrant.

18. Without any legal justification or excuse, Plaintiff, Laura Ilsemann, was then physically pulled from the residence by law enforcement officers, in general, and Detective Sergeant Curt Sullivan, in particular, manhandled, handcuffed, and detained.  Laura Ilsemann was then taken, handcuffed, back into her apartment, accompanied by law enforcement personnel, all without just cause and without the consent of Laura Ilsemann.

19. The conduct of the law enforcement officers, as set forth above, was witnessed by Laura Ilsemann's 14 year old daughter, who was present in the premises, as well as a minor friend of the 14 year old daughter, also present in the premises. Laura Ilsemann remained

        forcibly detained, by handcuffs, without her consent, until a search warrant was applied for, received and presented.  Laura Ilsemann was unlawfully detained, as set forth above, and was forced to endure the unlawful entry into her home for a period in excess of two hours, pending the application and officers' receipt of the search warrant. Despite numerous requests made to law enforcement officers to explain their conduct and to state what, if anything,  Laura Ilsemann "did wrong," the officers presented no lawful justification for the illegal intrusion and, further, made no suggestion of any "misconduct" by Laura Ilsemann and, at no time, was Laura Ilsemann charged, on that date, with any violation of the law.

20.     The Fourth Amendment to the United States Constitution protects Plaintiff, Laura Ilsemann, and all others, from unreasonable search, seizure or confinement. In this instance, upon Plaintiff's refusal to allow a voluntary search of the premises, instead of simply waiting the necessary time required to apply for and receive a search warrant for the premises, the defendant, by and through the actions of Detective Sergeant Curt Sullivan, and other officers, engaged in their capacity as officers of the Saint Charles County Drug Task Force to violate her Constitutional rights of unreasonable search, seizure and confinement.

### COUNT I

42 USC § 1983 - AgainstDefendant Curt Sullivan, individually,
and in his capacity as a Law Enforcement Officer of St. Charles County

21.     Plaintiff repeats, re-alleges, and incorporates herein by reference the allegations in the foregoing paragraphs 1-20 of this Complaint as though more fully set out herein.

22. Plaintiffs damages were caused by the conduct of Defendant Sullivan, taken under color of law.

23. Defendant Sullivan had no legal cause or justification and no probable cause to enter into Plaintiff's dwelling, remain in Plaintiff's dwelling, restrain Plaintiff, detain Plaintiff, and/or arrest Plaintiff and/or prepare an affidavit stating falsely that Plaintiff "assaulted" Defendant and/or  "resisted arrest", under such circumstances as Defendant knew or should have known that the State would reasonably rely on the truthfulness of such affidavit to commence criminal proceedings against Plaintiff.   .

24. A reasonable police officer would know that Defendant's actions, as aforesaid, were without legal cause or justification.

25. As a consequence of the actions of Defendant as aforesaid, and as a result of the subsequent prosecution of charges initially filed by the State of Missouri as a direct result of Defendant's false statements, which ultimately were not pursued to conclusion by the State, Plaintiff suffered significant harms, including the unlawful deprivation of her liberty without due process warranting actual damages incurred in an amount in excess of $100,000.00.

26. Defendant Sullivan acted maliciously and without legal justification warranting punitive damages in an amount in excess of $100,000.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Enter judgment in favor of Plaintiff and against Sullivan in his individual capacity and/or in his capacity as a Law Enforcement Officer of St. Charles County in an amount in excess of $100,000;

B. Award Plaintiff compensatory and punitive damages against Sullivan in his individual capacity and/or in his capacity as a Law Enforcement Officer of St. Charles County for his violation of Plaintiff's Constitutional rights under color of law in an amount in excess of $100,000;

C. Award plaintiff costs and reasonable attorney's fees; and

D. Allow such other and further relief to which Plaintiff may be entitled.

## COUNT II

42 USC § 1983 - Against Defendant, St. Charles County, Missouri

27. Plaintiff repeats, re-alleges, and incorporates herein by reference the allegations in the foregoing paragraphs 1-26 of this Complaint as though more fully set out herein.

28. Prior to and including the time of the occurrences referred to herein, the Defendant, St. Charles County, instituted and practiced policies, customs and procedures which exhibited deliberate indifference to the Constitutional rights of persons, such as Plaintiff, and this deliberate indifference caused the violation of Plaintiff's rights.

29. It was the policy, custom and practice of St. Charles County to inadequately hire, train, and supervise its officers, including Detective Sergeant Curt Sullivan, thereby failing to prevent the Constitutional violations against Plaintiff.

30. Plaintiff's damages were caused by St. Charles County failing to establish and practice appropriate policies, customs and practices and failing to adequately train its officers in general and, in particular, its failure to appropriately train and supervise Detective Sergeant Curt Sullivan.

31. St. Charles County, pursuant to its status as employer and supervisor of Detective Sergeant Curt Sullivan, is vicariously liable for his actions as aforesaid.

32. As a consequence of the actions of Defendant as aforesaid, and as a result of the subsequent prosecution of charges initially filed by the State of Missouri as a direct result of Defendant Sullivan's statements, which ultimately were not pursued to conclusion by the State, Plaintiff suffered significant harms, including the unlawful deprivation of her liberty without due process warranting actual damages incurred in an amount in excess of $100,000.00.

33. The actions or inactions by St. Charles County and/or the actions of Defendant Sullivan, as aforesaid, were malicious and without legal justification, warranting punitive damages in an amount in excess of $100,000.

WHEREFORE, Plaintiff respectfully prays that this Court:

   A. Enter judgment in favor of Plaintiff and against Defendant, St. Charles County in an amount in excess of $100,000;

   B. Award Plaintiff compensatory and punitive damages against Defendant, St. Charles County for the violation of Plaintiff's Constitutional rights under color of law in an amount in excess of $100,000;

   C. Award plaintiff costs and reasonable attorney's fees; and

   D. Allow such other and further relief to which Plaintiff may be entitled.

FLEDDERMANN LAW OFFICE

*/s/Stephen R. Fleddermann*
STEPHEN R. FLEDDERMANN    #29709MO
Attorney for Respondent
320 North Fifth Street
St. Charles, MO 63301
(636) 947-4343 Phone
(636) 947-7516 Fax