UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA ANN ILSEMANN,  )  <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br>   ) <br> ST. CHARLES COUNTY, MISSOURI, et ) <br> al., ) <br>   ) <br> Defendants. ) | Case No. 4:23-CV-138-SPM |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Strike (Doc. 20), in which Defendants ask the Court to strike Plaintiff's claim for punitive damages against Defendant St. Charles County and against Defendant Curtis Sullivan in his official capacity. The time for Plaintiff to file a response has expired, and no response has been filed. For the following reasons, the motion will be granted.

### I. BACKGROUND

In her First Amended Complaint, Plaintiff Laura Ilsemann asserts claims under 42 U.S.C. § 1983 against St. Charles County and against St. Charles County law enforcement officer Curtis Sullivan in his individual and official capacities. Plaintiff seeks punitive damages against both defendants. Defendants now move to strike the claim for punitive damages against Defendant St. Charles County and against Defendant Sullivan in his official capacity, arguing that such damages are not permitted under 42 U.S.C. § 1983.

### II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides, "The court may strike from a

– 1 –

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[A] prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike." *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo. 1997) (striking a claim for punitive damages against a municipality because such damages were not permitted by law). The Court has broad discretion in considering a motion to strike, but motions to strike are disfavored. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

### III. DISCUSSION

Defendants argue that the punitive damages claim against Defendant St. Charles should be stricken because municipalities are immune from claims for punitive damages in § 1983 actions. Plaintiff offers no response.

It is well established that punitive damages are not available against a municipality in a § 1983 action. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."); *Fields v. City of Omaha*, 810 F.2d 830, 835 & n.3 (8th Cir. 1987) (noting that although punitive damages may be available against an individual defendant in a § 1983 action, "the City may not be held liable for punitive damages") (citing *City of Newport*); *Riggs v. City of Owensville*, No. 4:10-CV-79- CAS, 2010 WL 2681384, at *1 (E.D. Mo. July 2, 2010) (relying on *City of Newport* and striking a claim for punitive damages against the City of Owensville). In establishing this rule, the Supreme Court reasoned in part that punitive damages are intended "to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct," and that "an award of punitive damages against a municipality 'punishes' only the taxpayers, who took no part in the commission of the tort." *City of Newport*, 453 U.S. at 266-67.

Although *City of Newport* and the other cases cited by Defendants addressed

"municipalities," and Defendant St. Charles County is a county rather than a municipality, the Court's research suggests that district courts within the Eighth Circuit have generally extended the holding in *City of Newport* to counties. *See, e.g.*, *Stewart v. Washburn*, No. 4:21-CV-00735-DGK, 2022 WL 2070905, at *6 (W.D. Mo. June 8, 2022) (relying on *City of Newport* and dismissing a punitive damages claim against a county defendant); *Kelly v. Clay Cnty., Missouri*, No. 12-0778-CV-W-BP, 2012 WL 12904711, at *1 (W.D. Mo. Nov. 2, 2012) (same); *Bruhn v. Foley*, 824 F. Supp. 1345, 1358 (D. Neb. 1993) ("Punitive damages are not available against municipalities or counties.") (citing *City of Newport*). *But see Smith v. Copeland*, 892 F. Supp. 1218, 1225 (E.D. Mo. 1995) (rejecting a county's summary assertion that *City of Newport* barred a punitive damages claim against it; noting that the holding of *City of Newport* concerned municipalities, not counties), *aff'd*, 87 F.3d 265 (8th Cir. 1996). Courts in other jurisdictions have also generally found that *City of Newport* bars punitive damages claims against counties. *See, e.g.*, *Jennings v. Clinton Cnty.*, No. 1:22-CV-00019, 2023 WL 213900, at *4 (M.D. Pa. Jan. 17, 2023); *Forbes v. City of Rochester*, 612 F. Supp. 3d 159, 172 (W.D.N.Y. 2020); *Gambrel v. Walker Cnty.*, No. CIVILACTIONH182868, 2019 WL 1057405, at *3 (S.D. Tex. Mar. 6, 2019); *Lewis v. Bd. of Sedgwick Cnty. Comm'rs*, 140 F. Supp. 2d 1125, 1140 (D. Kan. 2001), *aff'd sub nom. Lewis v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.,* , 56 F. App'x 873 (10th Cir. 2003); *Smith v. Shelby Cnty.*, 721 F. Supp. 2d 712, 722 (W.D. Tenn. 2010); *Scott v. Estes*, 60 F. Supp. 2d 1260, 1274 (M.D. Ala. 1999) ("[T]he United States Supreme Court has held that a municipality is immune from punitive damages under 42 U.S.C. § 1983, and the reasoning behind this holding requires that the holding be extended to counties as well.") (internal citation and quotation marks omitted).

Based on the above cases, and in the absence of any opposition from Plaintiff, the Court finds that punitive damages are unavailable against Defendant St. Charles County in this action. The Court also agrees with Defendants that punitive damages are unavailable against Defendant

Sullivan in his official capacity, because the claim against Sullivan in his individual capacity is actually a claim against St. Charles County. *See Riggs*, 2010 WL 2681384, at *2 ("There can be no claim for punitive damages against municipal officers in their official capacity because the suit is actually against the municipality and any punitive damage award would be collected from the municipality, which is immune therefrom."); *Hoekstra v. City of Arnold, Mo.*, No. 4:08CV0267 TCM, 2009 WL 259857, at *12 (E.D. Mo. Feb. 3, 2009) (dismissing punitive damages claims against city officials sued in their official capacities; stating, "Because the § 1983 claims against the individual defendants, who are all officials of the City of Arnold, are claims against a municipality to the extent those individuals are sued in their official capacities, Plaintiffs may not recover punitive damages under § 1983 from those individual defendants sued in their official capacities.").

### IV.  CONCLUSION

For all of the above reasons, the Court will grant Defendants' motion to strike Plaintiff's claims for punitive damages against Defendant St. Charles County and against Defendant Curtis Sullivan in his official capacity. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike (Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims for punitive damages in the First Amended Complaint against Defendant St. Charles County and against Defendant Curtis Sullivan in his official capacity are **STRICKEN**.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of July, 2023.

– 4 –